Opinion by TILSON, J. It was shown by the record that the silk mufflers in question are made of a woven material, hemmed, and block-printed by hand, and that they were imported subsequent to the effective date of the said trade agreement. In accordance therewith the claim at 35 percent under paragraph 1209 was sustained as to certain of the items.

**No. 46811.**—Petitions 6151–R, etc., of Frank P. Dow Co., Inc. (Los Angeles).

Opinion by DALLINGER, J. The petitions were dismissed.

BEFORE THE THIRD DIVISION, JANUARY 12, 1942

**No. 46812.**—Protests 74174–K, etc., of Chong Lung et al. (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372) certain of the merchandise in question was held entitled to free entry as crude drugs under paragraph 1669 as claimed, and drugs, sliced, were held dutiable at 10 percent under paragraph 34 as claimed.

**No. 46813.**—Protests 61353–K, etc., of H. P. Lambert Co., Inc. (Boston).

Opinion by CLINE, J. It was stipulated that the lily bulbs in question are the same in all material respects as those the subject of *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372). In accordance therewith the claim for free entry under paragraph 1669 was sustained.

JANUARY 8, 1942

**No. 46814.**——Protests 35727–K, etc., of Gruyère Cheese Corp. et al. C. D. 562. Motion of Government for rehearing denied.

JANUARY 7, 1942

**No. 46815.**—Suit 4346.—*Whitehall Shipping Co.* v. *United States.* C. A. D. 181.

BEFORE THE FIRST DIVISION, JANUARY 14, 1942

**No. 46816.**—Protests 16975–K, etc., of Hammond Cedar Co., Ltd., et al. (New York).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing, tonguing, and grooving. The protests were therefore sustained.

No. 46817.—Protests 17805–K, etc., of Seaboard Lumber Sales Co., Ltd. (New York).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing, tonguing, and grooving. The protests were therefore sustained.

No. 46818.—Protest 993398–G of Ballmill Lumber Co. (New York).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that no addition should have been made to the imported quantity for planing, tonguing, and grooving. The protest was therefore sustained.

BEFORE THE SECOND DIVISION, JANUARY 14, 1942

No. 46819.—Protests 981907–G, etc., of Sears, Roebuck & Co. (Los Angeles).

Opinion by KINCHELOE, J In view of the holding in *Riley* v. *United States* (8 Ct. Cust. Appls. 116, T. D. 37225), which was recently called to the court's attention, wherein certain woven woolen spreads used to cover the legs and body in automobiles, on couches, or in carriages were held dutiable as woven blankets, the merchandise in question was held dutiable as manufactures of cotton, not specially provided for, at 40 percent under paragraph 923 as claimed.

No. 46820.—Protests 31494–K, etc., of Schall & Co. (New York).

Opinion by DALLINGER, J. It was stipulated that the decorated tin boxes are containers of the same character as those passed upon in Abstract 46175. In